# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

GERALD WILLIAMSON,

              Plaintiff,

v.

HERZING UNIVERSITY,

              Defendant.

Case No. 25-CV-497-JPS

**ORDER**

On May 9, 2025, Plaintiff Gerald Williamson ("Plaintiff") moved to strike Defendant Herzing University's ("Defendant") Answer and Affirmative Defenses, ECF No. 7, in its entirety pursuant to Federal Rule of Civil Procedure 12(f). ECF No. 9. Defendant responded to the motion, ECF No. 11, and rather than reply, Plaintiff filed an amended motion to strike, which specified certain portions of Defendant's answer that he would like stricken, ECF No. 13. Plaintiff also filed a motion for leave to file an amended complaint. ECF No. 12. For the reasons stated below, the Court will deny each of Plaintiff's motions.

1. **MOTIONS TO STRIKE**

The Court begins by noting that Plaintiff's motions to strike could be summarily denied based on his failure to comply with the Court's protocols. The Court's Comprehensive Protocols and Procedures Order specifically requires that "parties . . . meet and confer about any potentially disputed matter before presenting it to the Court," and that the Court "may strike or outright deny a motion" if the moving party fails to comply with this requirement. ECF No. 3 at 11. "Pro se litigants must also comply" with

this requirement. *Id.* Plaintiff's motions are not accompanied by any written certification that he met with Defendant's counsel, nor is there any evidence that he conferred with them in the body of his motions or in Defendant's response. *See generally* ECF Nos. 9, 11, 13. The Court could accordingly deny Plaintiffs' motions on that basis alone. It will, nevertheless, consider the merits of the motions to strike.

Federal Rule of Civil Procedure 12(f) permits the Court to strike "an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter" from any pleading. Fed. R. Civ. P. 12(f). Motions to strike are disfavored, however "because they often serve only to delay." *McGinn v. J.B. Hunt Transp., Inc.*, No. 10-CV-610, 2010 WL 4363419, at *1 (E.D. Wis. Oct. 27, 2010) (citing *Heller Fin., Inc. v. Midwhey Powder Co., Inc.*, 883 F.2d 1286, 1294 (7th Cir. 1989)). In considering Plaintiff's motion to strike, the Court views Defendant's answer in a light most favorable to Defendant. *Id.* (citing *Krippelz v. Ford Motor Co.*, No. 98-C-2361, 2003 WL 21087109, at *3 (N.D. Ill. May 13, 2003)). Motions to strike should "generally be denied unless the portion of the pleading at issue is prejudicial." *Id.* (citing *Heller Fin.*, 883 F.2d at 1294).

Plaintiff claims both that Defendant's "[b]lanket [d]enials [a]re [o]bstructionist" and that its "[c]laims of [l]ack of [k]nowledge [a]re [u]nfounded." ECF No. 9 at 2–3. The Court disagrees. First, defendants are permitted to deny any allegations in whole or in part in answering a complaint. Fed. R. Civ. P. 8(b)(2)–(4). In its answer, Defendant "fairly respond[s] to the substance of [each] allegation," *id.* at 8(b)(2), admitting and denying certain allegations and clearly intending to respond to each fact or suggestion in the complaint. *See generally* ECF No. 7. Second, Defendant was entitled to answer allegations with a "lack[] [of] knowledge

or information sufficient to form a belief about the truth of an allegation," Fed. R. Civ. P. 8(b)(5), but despite Plaintiff's claims that Defendant repeatedly did so, ECF No. 9 at 2–3, the Court cannot find a single instance where Defendant denied an allegation based on a lack of knowledge. *See generally* ECF No. 7. Because Defendant's responses to the allegations in Plaintiff's complaint have complied with the requirements of Rule 8, and Plaintiff has failed to argue how any portion of Defendant's answer is prejudicial, the Court will deny Plaintiff's motions to strike insofar as they move to strike any portion of Defendant's responses in its answer.

Affirmative defenses will be subject to striking "only when they are insufficient on the face of the pleadings," meaning that the defenses are "[in]sufficient as a matter of law or . . . they [fail to] present questions of law or fact." *Heller Fin.*, 883 F.2d at 1294 (citing *United States v. 416.81 Acres of Land*, 514 F.2d 627, 631 (7th Cir. 1975)). The Court will not grant a motion to strike an affirmative defense unless "it appears to a *certainty* that [Plaintiff] would succeed despite any state of the facts which could be proved in support of the defense." *McGinn*, 2010 WL 4363419, at * 1 (quoting *Williams v. Jader Fuel Co., Inc.*, 944 F.2d 1388, 1400 (7th Cir. 1991) (emphasis added)).

The affirmative defenses Defendant offers pass the low threshold established by the Seventh Circuit. It is true that the paragraphs asserting Defendant's affirmative defenses contain few factual allegations. ECF No. 7 at 6–7. However, the supporting facts are provided or may be inferred from Plaintiff's complaint and the remainder of Defendant's answer. At this stage, the Court is not certain that Plaintiff would succeed despite any state of the facts which could support the defenses. Discovery is needed to explore the facts which may support the allegations in both the complaint and the answer. Plaintiff's concerns with Defendant's affirmative defenses

are better suited for a dispositive motion filed after the conclusion of discovery or in the trial of this matter. Finally, the inclusion of Defendant's affirmative defenses causes no prejudice to Plaintiff; they do not present unusual or unexpected issues of fact or law. *McGinn*, 2010 WL 4363419 at *1 (citing *Heller Fin.*, 883 F.2d at 1294). Accordingly, Plaintiff's motions to strike will be denied insofar as they move to strike any of Defendant's affirmative defenses from its answer.

## 2.     MOTION FOR LEAVE TO FILE AN AMENDED COMPLAINT

Plaintiff has also moved for leave to file an amended complaint. ECF No. 13. As discussed above, *supra* Section 1, the Court's protocols require that parties meet and confer prior to filing any potentially disputed motion and that the Court may outright deny a motion about which the parties did not meet and confer. ECF No. 3 at 11. The Court will deny Plaintiff's motion for leave to file an amended complaint on this basis, but it will deny the motion without prejudice and afford Plaintiff another opportunity to file a compliant motion with the Court—one that includes a certification detailing his meet and conferral with Defendant's counsel regarding the motion.

The Court further notes that Plaintiff's proposed amended complaint, ECF No. 12-1, attempts to "incorporate[] by reference" allegations in his original complaint. This practice is not permitted, as any amended complaint must be complete in and of itself without reference to the original complaint. *Duda v. Bd. of Educ. of Franklin Park Pub. Sch. Dist. No. 84*, 133 F.3d 1054, 1057 (7th Cir. 1998) (citing *Wellness Cmty.-Nat'l v. Wellness House*, 70 F.3d 46, 49 (7th Cir. 1995)). In the case of amendment, the "prior pleading is in effect withdrawn as to all matters not restated in the amended pleading." *Id.* (quoting *Fuhrer v. Fuhrer*, 292 F.2d 140, 144 (7th Cir.

1961)). Thus, if Plaintiff does meet and confer with Defendant's counsel and files a subsequent motion for leave to file an amended complaint, his proposed amended complaint must contain all the allegations and claims on which he wishes to proceed, without reference to any prior complaint.

Accordingly,

**IT IS ORDERED** that Plaintiff Gerald Williamson's motion to strike, ECF No. 9, be and the same is hereby **DENIED with prejudice;**

**IT IS FURTHER ORDERED** that Plaintiff Gerald Williamson's amended motion to strike, ECF No. 13, be and the same is hereby **DENIED with prejudice;**

**IT IS FURTHER ORDERED** that Plaintiff Gerald Williamson's motion for leave to file an amended complaint, ECF No. 12, be and the same is hereby **DENIED without prejudice**; and

**IT IS FURTHER ORDERED** that the parties shall **FILE** a joint rule 26(f) report, on or before **June 25, 2025**.

Dated at Milwaukee, Wisconsin, this 11th day of June, 2025.

BY THE COURT:

_____
J. P. Stadtmueller
U.S. District Judge