UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

GERALD WILLIAMSON,

        Plaintiff,

v.

HERZING UNIVERSITY,

        Defendant.

Case No. 25-CV-497-JPS

**ORDER**

In August 2025, Plaintiff Gerald Williamson ("Plaintiff") moved to compel discovery from Defendant Herzing University ("Defendant"). ECF No. 20. The Court denied Plaintiff's motion for failure to comply with the Court's Protocols, Local Rules, and Federal Rule of Civil Procedure 37. ECF No. 21. Now Plaintiff again moves to compel discovery from Defendant. ECF No. 22. The motion is fully briefed, ECF Nos. 23, 24, 25, and for the reasons discussed herein, will be denied without prejudice.

Plaintiff moves to compel "complete responses to [his] First Set of Interrogatories and Requests for Production" from Defendant. ECF No. 22 at 4. He also asks that the Court grant him costs incurred in moving to compel and "leave to serve a subpoena on Microsoft" related to a purported recording of his discovery meet and confer with defense counsel on August 13, 2025. *Id.*

The Court first addresses the matter of Plaintiff moving for leave to serve a subpoena on Microsoft. As Defendant notes in its response, a motion is not the proper vehicle to serve a subpoena. *See* ECF No. 24 at 1 n.1 (citing *Anderson v. Thomson*, No. 09-cv-27-slc, 2009 WL 1373606, at *1

(W.D. Wis. May 15, 2009) and F$_{ED}$. R. C$_{IV}$. P. 45(a)(3)). The Court will accordingly deny as moot this portion of Plaintiff's motion.

To the extent Plaintiff moves to compel discovery from Defendant, his motion fails to identify which specific discovery requests he seeks to compel and does not argue why each request at issue is relevant and proportional to the claims and defenses in this case. *PsyBio Therapeutics, Inc. v. Corbin*, No. 20 C 3340, 2021 WL 4459527, at *1 (N.D. Ill. Sept. 29, 2021) (A party seeking to compel discovery "bears the initial burden to prove that the information sought is relevant" (citing *West v. Miller*, No. 05C4977, 2006 WL 2349988 (N.D. Ill. Aug. 11, 2006) and *United States v. Farley*, 11 F.3d 1385, 1390 (7th Cir. 1993))). "Without the plaintiff's direction and thorough legal and factual analysis to highlight the deficiencies in the specific responses that [he] asks this Court to review, the Court finds it impossible to engage in meaningful analysis and provide the plaintiff with the relief that [he] seeks." *Hemad Enters., Inc. v. Endurance Am. Specialty Ins. Co.*, No. 15-CV-233-JPS, 2015 WL 13016401, at *4 (E.D. Wis. Oct. 8, 2015) (citing *APS Sports Collectibles, Inc. v. Sports Time, Inc.*, 299 F.3d 624, 631 (7th Cir. 2002) and *United States v. Dunkel*, 927 F.2d 955, 956 (7th Cir. 1991)); *APS Sports*, 299 F.3d at 631 ("It is not [the Court]'s responsibility to research and construct the parties' arguments." (quoting *Spath v. Hayes-Wheels Int'l-Indiana, Inc.*, 211 F. 3d 392, 397 (7th Cir. 2000)). While Plaintiff does *slightly* narrow the scope of discovery in his reply—*see* ECF No. 25 at 3 (moving that the Court compel discovery responsive to his interrogatories nos. 1–8 and 18–19 and to his requests for production nos. 1–11 and 14–19)—he still fails to analyze why each of these discovery requests is relevant and proportional to the case, *see generally id.*, and his failure to narrow the scope in his motion meant that Defendant had no notice of what discovery was really at issue.

The Court will accordingly deny Plaintiff's renewed motion to compel in its entirety.[1] This denial will once again operate without prejudice; the Court will afford Plaintiff *one more* opportunity to file a compliant motion, but if Plaintiff renews his motion without identifying the specific requests at issue and arguing why they are relevant and proportional to this case, the Court will deny his motion with prejudice.

Accordingly,

**IT IS ORDERED** that Plaintiff Gerald Williamson's motion to compel discovery, ECF No. 22, be and the same is hereby **DENIED without prejudice.**

Dated at Milwaukee, Wisconsin, this 27th day of October, 2025.

BY THE COURT:

_____
J. P. Stadtmueller
U.S. District Judge

---

[1] In addition to moving to compel production, Plaintiff also moves for the Defendant to pay his reasonable expenses incurred in moving to compel. ECF No. 22 at 4 (citing FED. R. CIV. P. 37(a)(5)). Because the Court is denying Plaintiff's motion, he is not the prevailing party and therefore is not entitled to expenses. *See* Fed. R. Civ. P. 37(a)(5)(B). Further, because Defendant did not move for payment of expenses, *see generally* ECF No. 24, and because the motion is denied without prejudice, the Court will not order that Plaintiff pay Defendant's costs in responding to the motion to compel.